IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALVARO BIANY FLORES CRUZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-674-KC |
| JOEL D. GARCIA et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Alvaro Biany Flores Cruz's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Flores Cruz is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 2–6, 51–65.

Flores Cruz has been in the country for about nineteen years and was apprehended and detained by immigration authorities for the first time last month. *Id.* ¶¶ 33–34. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Flores Cruz's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Flores Cruz's case warrant a different outcome." *Id.*

Respondents conceded, without elaboration, that this case is "not much different" than *Martinez*. *See* Resp. 10, ECF No. 3. Indeed, throughout its many decisions on this topic, the Court has already rejected every legal argument raised in the Response. *Compare* Resp. 1–10,

with, e.g., *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they acknowledge that this case is materially indistinguishable from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Flores Cruz's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 2, 2026**, Respondents shall either: (1) provide Flores Cruz with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Flores Cruz's continued detention; or (2) release Flores Cruz from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 2, 2026**, Respondents shall **FILE** notice informing the Court whether Flores Cruz has been released from custody. If Flores Cruz has not been released from custody, Respondents shall inform the Court whether and when

---

[1] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 2, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 23rd day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3